***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Baddour. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives or amend the Decision and Order.
 ***********
Based upon the evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. On September 16, 2002, plaintiff initiated a Tort Claim by filing an affidavit while incarcerated at Eastern Correction Institute.
2. Plaintiff was placed in segregation on May 8, 2002 at Albemarle Correctional Institution. Correctional Officers Lee, Baker, and Waln took possession of plaintiff's property located in his locker because plaintiff had been placed in segregation. The contents of plaintiff's locker were shown to him, and plaintiff was asked to sign a DC Form 160 Personal Property Inventory acknowledging the contents of his locker that were being taken into the possession of the defendant. Plaintiff refused to sign the DC 160 because he alleged various items were missing. The allegedly missing items were noted on the DC 160.
3. On June 5, 2002, plaintiff signed a DC 160 acknowledging that the previously missing items had been returned to him. Plaintiff testified that additional items were still missing. Based upon the greater weight of the competent evidence of record, plaintiff's testimony is not accepted as credible.
4. The greater weight of the competent evidence of record establishes that the items that were missing were located and returned to plaintiff.
 ***********
The foregoing findings of fact engender the following:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to show that he was injured as a proximate result of the negligence of any officer, employee, involuntary servant or agent of the defendant. N.C Gen. Stat. § 143-291.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim under the North Carolina Tort Claims Act must be, and the same is hereby, DENIED.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 16th day of February 2005.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/____________ BUCK LATTIMORE CHAIRMAN
DCS/llc